

08-CR-05722-CMP

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION<br><br>Defendant | No. _____<br><br>COMPLAINT |

Plaintiff, the United States of America, by the authority of the Attorney General of the United States of America, on behalf of the Administrator of the United States Environmental Protection Agency ("EPA"), and by and through its undersigned attorneys, alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for recovery of response costs under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), as amended. The United States seeks to recover its un-reimbursed costs incurred in response to releases and threatened releases of hazardous substances at the Thea Foss and Wheeler Osgood Waterway Problem Areas within the Commencement Bay-Nearshore Tideflats Superfund Site (the "Site"), located in Tacoma, Washington. In addition, the United States seeks a declaratory

COMPLAINT- 1 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendant is jointly and severally liable for any future response costs incurred by the United States in connection with the Site.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action and Defendant pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b), and pursuant to 28 U.S.C. §§ 1331 and 1345.

3. Venue is proper in this District pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. § 1391(b), because the claims arose in this District and releases and/or threatened releases of hazardous substances occurred in this District.

**DEFENDANT**

4. Defendant Washington State Department of Transportation ("WSDOT") is an agency of the State of Washington.

5. WSDOT is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

**LAW GOVERNING CLAIMS FOR RELIEF**
**UNDER SECTION 107 OF CERCLA**

6. Section 104 of CERCLA, 42 U.S.C. § 9604, provides that whenever any hazardous substance is released into the environment, or there is a substantial threat of such a release into the environment, the President is authorized to act, consistent with the National Contingency Plan, to remove or arrange for the removal of, and provide for remedial action relating to, such hazardous substance.

7. The President's authority under Sections 104(a) and (b) of CERCLA, 42 U.S.C. §§ 9604(a) and (b), as amended, has been delegated to the Administrator of EPA pursuant to Section 2(e) of Executive Order No. 12316, 46 Fed. Reg. 42,237 (August 14, 1981), reprinted in 42 U.S.C.A. § 9615 at 544-48.

COMPLAINT- 2 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

8. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part, that, subject only to the defenses set forth in Section 107(b), certain covered persons are liable for "all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the national contingency plan."

9. Covered persons under Section 107(a) of CERCLA include:

"(1) the owner and operator of a vessel or a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of, [and]

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances"

10. Section 113(g)(2)(B) of CERCLA, 42 U.S.C. § 9613(g)(2)(B), provides: "In any such action described in this subsection [an action for recovery of costs under section 107 of CERCLA], the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## FACTS RELEVANT TO THE LIABILITY OF DEFENDANT UNDER SECTION 107 OF CERCLA

### Site Background

11. The Commencement Bay-Nearshore Tideflats ("CB/NT") Superfund Site is a 10-12 square mile area in Tacoma, Washington, which connects to the Puget Sound.

12. The Commencement Bay area was placed on a national interim list of 115 highest priority hazardous waste sites on October 23, 1981 due to widespread contamination of the water, sediments, and upland areas.

COMPLAINT- 3 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

13. On September 8, 1983, the Commencement Bay-Nearshore Tideflats site was placed on the first official National Priorities List ("NPL") of hazardous waste sites pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

14. The CB/NT Site consists of seven operable units ("OUs"): (1) CB/NT sediments; (2) the ASARCO Tacoma Smelter; (3) Tacoma Tar Pits; (4) ASARCO Off-Property (Ruston/North Tacoma Study Area); (5) CB/NT source control; (6) ASARCO Sediments; and (7) ASARCO demolition.

15. On September 30, 1989 EPA issued a Record of Decision ("ROD") setting forth the chosen remedy for OU1 (CB/NT Sediments) and OU5 (CB/NT source control). The ROD further identified eight problem areas based on identification and location of problem sediments: (1) Head of Hylebos Waterway, (2) Mouth of Hylebos Waterway, (3) Sitcum Waterway, (4) St. Paul Waterway, (5) Middle Waterway, (6) Head of Thea Foss Waterway, (7) Mouth of Thea Foss Waterway, and (8) Wheeler-Osgood Waterway.

16. The Thea Foss Waterway is a man-made tributary of Commencement Bay, which extends north to south and makes about 1.5 miles of downtown shoreline for the City of Tacoma.

17. The Wheeler-Osgood Waterway is approximately 0.3 miles long and runs perpendicular to the Thea Foss Waterway, entering the Thea Foss at about halfway down the east shoreline.

18. The sediments in the Thea Foss and Wheeler-Osgood Waterways have been contaminated by hazardous substances, including but not limited to, metals (including zinc, lead, mercury, cadmium, copper, and nickel), phthalates, and high and low polycyclic aromatic hydrocarbons ("PAHs").

19. On March 23, 1994, the City of Tacoma (the "City") entered into an Administrative Order on Consent ("AOC") with EPA to conduct the design of the remedial action for the Thea Foss and Wheeler-Osgood Waterways Problem Areas. Based on the City's completed remedial design study, EPA issued an Explanation of Significant Differences ("ESD") on August 3, 2000, which

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

detailed cleanup plans specific to the Thea Foss and Wheeler-Osgood Waterways.

20. In May 9, 2003, the Western District of Washington entered two consent decrees embodying an agreement between EPA and over 80 potentially responsible parties to provide for funding and remedial action at the Thea Foss and Wheeler Osgood Waterways. WSDOT is not a party to either decree.

21. On September 30, 2004, EPA issued an additional ESD that described changes in the cleanup plan due to finalizing the designs and modifications based on work completed in the head of the Thea Foss.

### WSDOT Involvement at the Site

*Tacoma Spur Construction*

22. In approximately 1983, WSDOT purchased land (hereinafter referred to as the "Tacoma Spur Property") approximately 500 feet from the Thea Foss Waterway to build an urban highway connecter called the I-705 Tacoma Spur (the "Tacoma Spur").

23. WSDOT continues to own the Tacoma Spur Property.

24. The Tacoma Spur Property is located within the CB/NT Site.

25. Construction on the Tacoma Spur Property included construction of a road underneath the Spur (hereinafter referred to as "South A Street"). The purpose of this road was to connect Dock Street (east of the Spur) to A Street (west of the Spur).

26. In February of 1984, Hart Crowser, a WSDOT contractor, discovered a tar-like substance on the Tacoma Spur Property. On December 20, 1985, while excavating to build South A Street, WSDOT discovered the remains of a large gas holder filled with a mixture of tar and other material. Two months later, WSDOT discovered the remains of an even larger gas holder, which was also filled with tar and other material, and a small pit filled with tar.

27. Analysis of the substances discovered on the Tacoma Spur Property revealed that they were contaminated with PAHs and other hazardous substances. Hart Crowser determined that the likely source of the contamination was a coal gasification plant operated on the Tacoma Spur

COMPLAINT - 5 -

Property between the years of 1884 and 1924.

28. In 1986, WSDOT initiated its own cleanup at the Tacoma Spur Property (the "1986 cleanup"), which consisted of removing substances visually identified as tar-like substances for disposal at a hazardous waste facility and encapsulation of substances visually identified as oily silt and sand in three concrete vaults on site.

29. The 1986 cleanup included excavation of hazardous substances in the area of the planned location for South A Street.

30. WSDOT did not remove all hazardous substances on the Tacoma Spur Property during the 1986 cleanup.

31. The response actions taken during the 1986 cleanup, for which WSDOT sought recovery of costs, were found to be inconsistent with the National Contingency Plan by the Ninth Circuit in *Washington State Department of Transportation v. Washington Natural Gas Co., et al.*, 59 F.3d 793 (9th Cir. 1995).

32. Prior to the completion of the 1986 cleanup, WSDOT installed a drainage system (hereinafter referred to as the "DA-1 drainage system") below South A Street.

33. The DA-1 drainage system was located at the heart of the historical coal gasification plant operational area, bisecting the footprint of the two southern gasholders left behind on the property.

34. The drainage system installed by WSDOT consisted of three french drain pipes underneath South A Street, multiple catch basins, and a corrugated metal pipe that led to the City-owned 23rd Street storm drain.

35. The 23rd Street storm drain empties into the Thea Foss Waterway via storm drain #237A, one of the two pipes at the head of the Foss known as the Twin 96ers.

36. The DA-1 drainage system transported hazardous substances from the Tacoma Spur Property into the Thea Foss Waterway via the 23rd Street storm drain, including but not limited to PAHs.

COMPLAINT- 6 -

*Highway Runoff*

37. WSDOT owns and/or operates the I-5, SR 705, and SR 509 highways, and has owned and/or operated those highways at all times relevant to this Complaint.

38. WSDOT also owns and/or operates drainage structures designed to drain runoff away from the I-5, SR 705, and SR 509 highways and discharge the runoff into the Thea Foss Waterway, and has owned and operated those structures at all times relevant to this Complaint.

39. Highway runoff from I-5, SR 705, and/or SR 509 contains hazardous substances, including phthalates, heavy metals (including cadmium, lead, zinc, and nickel), and petroleum hydrocarbons.

40. Highway runoff containing hazardous substances is and has been transported from I-5, SR 705, and SR 509 by drainage structures and disposed of in the Thea Foss and/or Wheeler Osgood Waterways at all times relevant to this Complaint.

**WSDOT Enforcement History**

41. On April 24, 1989, EPA sent General Notice Letters and information requests to 133 potentially responsible parties ("PRPs"), including WSDOT. Over the next eight years, EPA sent out at least four additional notifications of potential liability to WSDOT.

42. On July 25, 1997, EPA sent a letter to WSDOT stating that EPA still considered WSDOT a PRP and demanding payment of response costs incurred by EPA.

43. On June 7, 2001, EPA sent Special Notice Letters to the PRPs for the Thea Foss and Wheeler-Osgood Waterways to conduct remedial action. The Special Notice Letters also contained a formal demand for reimbursement of costs that had been incurred, including interest, and that were expected to be incurred, subject to interest.

44. As of June 30, 2008 the United States has incurred at least $6.8 million in unreimbursed response costs, excluding interest, in connection with the Thea Foss and Wheeler Osgood Waterway Problem Areas. Since that date, the United States has incurred additional response costs and will continue to incur response costs in connection with the Thea Foss and

COMPLAINT - 7 -

Wheeler Osgood Waterway Problem Areas.

45. WSDOT has not reimbursed the United States for any of its response costs incurred in connection with the Thea Foss and Wheeler Osgood Waterway Problem Areas.

### CLAIM FOR RELIEF

### Recovery of Costs Under CERCLA § 107, 42 U.S.C. § 9607

46. Paragraphs 1 through 45 are realleged and incorporated herein by reference.

47. The Commencement Bay Nearshore/Tideflats Superfund Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

48. The Tacoma Spur Property is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

49. I-5, SR 705, and SR 509 and their associated drainage systems are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

50. There have been "releases," as defined at Section 101(22) of CERCLA, 42 U.S.C. § 9607 (22), and the threat of releases, of "hazardous substances," as defined in Section 101(14) of CERCLA, 42 U.S.C. § 9601(14), into the environment at the Thea Foss and Wheeler Osgood Waterway Problem Areas within the CB/NT Site.

51. The releases and threatened releases of hazardous substances at the Thea Foss and Wheeler Osgood Waterway Problem Areas caused the United States to incur "response" costs, and continue to cause the United States to incur "response" costs, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

52. The response action taken and the response costs incurred by the United States at and in connection with the Thea Foss and Wheeler Osgood Waterway Problem Areas are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

53. Defendant WSDOT is the current owner and/or operator of facility property within the meaning of Section 101(20) of CERCLA, 42 U.S.C. § 9601(20), and Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

COMPLAINT- 8 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

54. Defendant WSDOT was the owner and/or operator of facility property at the time of disposal of hazardous substances within the meaning of 101(20) of CERCLA, 42 U.S.C. § 9601(20), and Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

55. Defendant WSDOT arranged for disposal of hazardous substances into the Thea Foss and Wheeler Osgood Waterway Problem Areas within the meaning of Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

56. WSDOT is liable to the United States pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all un-reimbursed response costs incurred, and to be incurred, by the United States in connection with the Thea Foss and Wheeler Osgood Problem Areas within the CB/NT Site, including enforcement costs and prejudgment interest on such costs.

57. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the United States is entitled to a declaratory judgment that Defendant is liable for future response costs that the United States may incur in connection with the Thea Foss and Wheeler Osgood Problem Areas within the CB/NT Site.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that the Court:

1. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), enter judgment against WSDOT in favor of the United States for all un-reimbursed costs incurred by the United States for response actions taken in connection with the Thea Foss and Wheeler Osgood Problem Areas within the CB/NT Site, including prejudgment interest;

2. Enter a declaratory judgment pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that WSDOT is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for future un-reimbursed response costs incurred in connection with the Thea Foss and Wheeler Osgood Problem Areas by the United States.

3. Award the United States the costs of this action; and

4. Grant such other and further relief as the Court deems just and proper.

COMPLAINT - 9 -

UNITED STATES DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
P.O. Box 7611, Washington, D.C. 20044-7611
(202) 305-0260

Respectfully submitted,

Date: 26 November 2008

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

Date: 12/1/2008

LAURA A. THOMS
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0260
Facsimile: (202) 514-8395

JEFFREY C. SULLIVAN
United States Attorney
Western District of Washington

Brian C. Kipnis
Assistant United States Attorney
Chief, Civil Division
Office of the United States Attorney for the
Western District of Washington
5200 United States Courthouse
700 Stewart Street
Seattle, WA 98101-1271

OF COUNSEL

Kelly Cole
Assistant Regional Counsel
Office of Regional Counsel
U.S. Environmental Protection Agency
1200 Sixth Avenue Suite 900
Seattle, WA 98101

COMPLAINT- 10 -