UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

WASHINGTON STATE DEPARTMENT
OF TRANSPORTATION,

    Defendant.

Case No. C08-5722RJB

ORDER ON DEFENDANT
WSDOT'S MOTION TO
RECONSIDER THE
ORDER PARTLY
GRANTING JUDGMENT
ON THE PLEADINGS
FOR UNITED STATES

This matter comes before the Court on the defendant's Motion to Reconsider the Order Partly Granting Judgment on the Pleadings for United States (Dkt. 48). The court has considered the relevant documents and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The United States filed the present complaint against Washington State Department of Transportation (WSDOT) for recovery costs under the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9601, *et seq.* Dkt. 1. The United States seeks to recover its un-reimbursed costs incurred in response to releases and threatened releases of hazardous substances at the Thea Foss and Wheeler Osgood waterways in Tacoma, Washington. *Id.* WSDOT filed a counterclaim against the United States, seeking contribution from the United States, pursuant to 42 U.S.C. § 9613(b) and (f) (CERCLA § 113), for past involvement of the United States Army Corps of Engineers in dredging the waterways. Dkt. 10.

ORDER - 1

The United States filed a motion for partial judgment on the pleadings, arguing that portions of the counterclaim by WSDOT failed as a matter of law. Namely, the United States sought to dismiss the counterclaim on the following grounds: 1) that WSDOT failed to meet the procedural requirements to bring a CERCLA contribution claim under 42 U.S.C. § 9613; 2) that WSDOT's counterclaim attempted to receive contribution for a state court judgment against it; and 3) that the United States could not be held liable for a purely regulatory activity such as permitting third parties to dredge waterways. Dkt. 24.

On September 15, 2009, the court issued an Order granting in part the United States' Motion for Partial Judgment on the Pleadings. Dkt. 47. Specifically, the court's Order dismissed the portion of WSDOT's counterclaim seeking contribution from the United States for any portion of the judgment entered against WSDOT in the state court proceeding. Dkt. 47. On September 24, 2009, WSDOT filed a Motion for Reconsideration regarding the Order partly granting judgment on the pleadings for the United States. Dkt. 48. On invitation from the court, the United States filed a response opposing WSDOT's motion to reconsider (Dkt. 50), and WSDOT filed a reply (Dkt. 51).

## II. DISCUSSION

"On motion and just terms, the court may relieve a party or its legal representatives from a final judgment, order, or proceeding for... any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Motions for reconsideration are disfavored. Local Rule CR 7(h)(1). "The court will ordinarily deny such motion in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*.

The defendant requests that the court reconsider that portion of the Order that was based on the court's conclusion that WSDOT could have sought contribution from the United States under the Washington Model Toxics Control Act (MTCA) in the earlier state court action. Dkt. 48. The defendant argues that the court committed manifest error in assuming that the United States could have been countersued in the state action, and bases its argument on the following paragraph from the court's Order:

ORDER - 2

> It is worth noting that the MTCA allows claims for contribution in much the same manner as CERCLA. Under Wash. Rev. Code § 70.105D.080, a person may bring a claim for contribution against any other person liable under the Act for remedial action costs or natural resource damages paid to the state. WSDOT apparently did not succeed with a contribution claim during the state trial, which may be attributed to a procedural bar, a ruling from the trial judge, a tactical decision, or an oversight by counsel. If there were a reason, meritorious or procedural, that contribution was precluded in the state trial, the proper venue to address it now is the state appellate court. This court will not retry a state lawsuit, particularly one pending appeal, to consider liability for an entity that was not a party to the state suit, and WSDOT has failed to show any compelling reason why CERCLA now opens that door. Therefore, the United States' motion to dismiss the counterclaim for contribution based upon the judgment against WSDOT in the State Judgment should be granted.

Dkt. 47. According to the defendant, this paragraph indicates that the court's reasoning in interpreting CERCLA to preclude the defendant's counterclaim was based on the erroneous assumption that the United States could be sued in Washington state court under the MTCA.

The parties disagree over the meaning of the court's language. The United States contends that any discussion regarding the state action is dicta, whereas WSDOT insists that the discussion underpins the court's ultimate decision. The United States points out that the court considered that WSDOT may have faced a procedural bar preventing contribution; WSDOT argues that lack of jurisdiction in the state court due to the United States sovereign immunity is inherently different than a procedural bar. However, the court does not need to resolve these differences because the Order partially dismissing WSDOT's counterclaim was not based on the excerpted paragraph alone.

The defendant places too much emphasis on the court's supposition regarding the state action. The question of why WSDOT did not seek contribution from the United States in the state action is ancillary to the court's application of CERCLA and the federal case law interpreting the statute. While the language of the Order may have extended beyond the minimum necessary to explain its rationale, the Order also explicitly addressed the application of CERCLA to the counterclaim.

> [S]uch an investigation into the State Judgment would be fruitless to WSDOT's counterclaim because CERCLA limits claims for contribution by restricting recovery to the portion of "common liability" that stems from the same § 9606 or § 9607(a) action. Even if the court were to determine that the State Judgment inequitably apportioned clean-up costs, for more than WSDOT's portion of liability, a contribution claim for a damages judgment from another proceeding simply is not statutorily available through CERCLA.

Dkt. 47 at 9.

WSDOT also suggests that the court erred in concluding that the appropriate venue to challenge the state judgment is the state appellate court. However, in making this argument, WSDOT confuses the issue addressed by the court. The court agrees with WSDOT that the state appellate court will likely not review the ability of WSDOT to seek contribution from the United States under the MTCA. Rather, the court addressed a different issue. Whether the United States could have been named as a party to the state court action or not, WSDOT had the opportunity to litigate its equitable share in that state court action. The appropriate venue to challenge the state court's determination of that equitable share is the state appellate court system.

## III. ORDER

For the foregoing reasons, it is hereby ORDERED that:

Defendant's Motion to Reconsider the Order Partly Granting Judgment on the Pleadings for United States (Dkt. 48) is **DENIED**.

DATED this 22nd day of October, 2009.

Robert J. Bryan
United States District Judge