UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff and Counterclaim Defendant,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF TRANSPORTATION,<br><br>    Defendant and Counterclaimant. | Case No. 08-5722RJB<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE: COSTS |

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment Re: Costs (Dkt. 104). The Court has considered the motion, responses, and the relevant documents herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case are well known by the Court and the parties and will not be repeated herein. On October 1, 2010, Plaintiff filed a motion seeking judgment on costs; specifically, past costs it has expended in response to environmental remediation in the Thea Foss and Wheeler Osgood Waterway. Dkt. 104, p. 1-2.

## II. DISCUSSION

Summary judgment is proper only if the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

Under CERCLA, the United States Government, a State, or an Indian tribe is entitled to recover "all costs of removal or remedial action incurred… not inconsistent with the national contingency plan" from any liable party. 42 U.S.C. § 9607(a)(4)(A). The potentially responsible party has the burden of proving inconsistency with the national contingency plan ("NCP"). *United States v. Chapman*, 146 F.3d 1166, 1171 (9th Cir. 1998). To prove that a response action of the EPA was inconsistent with the NCP, a defendant must prove that the government's response action was arbitrary and capricious. 42 U.S.C. § 9613(j)(2).

Defendant states that it does not dispute that the amounts incurred by the EPA and DOJ were actually incurred. Dkt. 118, p. 6. Defendant, however, does not agree that it is liable of these costs, nor does it agree with the manner in which the United States has calculated prejudgment interest. *Id*.

Defendant did not respond to Plaintiff's arguments regarding (1) type of costs that are recoverable; (2) the amount or incurrence of the Department of Justice ("DOJ") costs; (3) the amount or incurrence of the U.S. Environmental Protection Agency ("EPA") costs, before interest; or (4) the consistency of costs to the NCP. The Court considers a lack of response to a moving party's argument as an admission that the moving party's argument has merit. *See Celotex Corp*., 477 U.S. 323; Local Rule CR 7(b)(2).

Defendant first makes arguments regarding liability. These arguments, however, are irrelevant in this motion. The Plaintiff is merely requesting that the Court determine the past costs incurred in its remedial and response actions, not whether Defendant is liable for the costs stated. Dkt. 104, p. 2. Plaintiff's motion also is not a motion to determine divisibility or apportionment of costs. See Dkt. 104, p. 2, n. 2. To the extent Defendant is asserting arguments regarding liability, divisibility, or apportionment; those arguments are irrelevant in this motion.

Case 3:08-cv-05722-RJB   Document 137   Filed 11/17/10   Page 4 of 6

The parties may raise those issues at a later date.

The amounts recoverable in an action under CERCLA section 107(a) include interest on the amounts recoverable under subparagraphs 107(a)(4)(A) through (4)(D). 42 U.S.C. § 9607(a). The interest "shall accrue from the later of (i) the date payment of a specified amount is demanded in writing, or (ii) the date of the expenditure concerned." *Id*.

Defendant argues that there is a issue of fact as to whether the demand for payment made on July 25, 1997, constitutes a sufficiently specific written demand. Dkt. 118, p. 7. Defendant cites *United States v. Consolidated Coal Co*., 345 F.3d 409, 416 (6th Cir. 2003) to support its argument. Plaintiff responds by stating that Defendant's reliance on *Consolidated Coal* is misplaced. Dkt. 128, p. 3.

This case is distinguishable from *Consolidated Coal*. In *Consolidated Coal,* third party plaintiffs, Consolidated Coal and Triangle Wire, brought an action against Neville Chemical seeking declaration of liability and equitable allocation of response costs. *Consolidated Coal*, 345 F.3d at 411. The district court ruled for Consolidated Coal and Triangle Wire, determining that Neville Chemical was responsible for 6% of the past and future costs. *Id*. at 412. Neville appealed and the appeals court reviewed the determination of prejudgment interest. *Id*. at 412, 415-16. Consolidated and Triangle Wire argued that a letter written on February 21, 1986, constituted a written "demand letter." *Id*. at 416. The appeals court stated that "to call this letter a 'demand letter' for a specified sum is a clear mischaracterization of the document, because the letter simply invited Neville Chemical to join the group of cooperating PRPs to participate in the investigation of the landfill and informed the chemical company of the time and place of the group's next meeting." *Id*.

Consolidated also argued that the third-party complaint constitutes a written demand of a

ORDER - 4

1    specified sum. *Consolidated Coal*, 345 F.3d at 416. The appeals court noted that the complaint

2    was brought against 59 third-party defendants, as well as various unidentified parties, and did

3    nothing to specify the amount being demanded from each of the third-party defendants. *Id*. The

4    appeals court held that the complaint was "not sufficiently specific." *Id*.

5         In this case, the letter sent by the EPA to WSDOT on July 25, 1997, is sufficiently

6    specific. The letter was addressed directly to Kenneth Stone of WSDOT. Dkt. 108-19. The

7    letter clearly makes a demand for payment, specifies a specific sum, and states that potentially

8    responsible parties may be held liable for the response costs incurred. Dkt. 108-19. Finally,

9    even though the *Consolidated Coal* court's opinion may be read to require that a demand letter

10   must provide a specific amount demanded from each of the defendants, the case law regarding

11   CERCLA states that a PRP may be liable jointly and severally. *Cal. Dep't of Toxic Substances*

12   *Control v. Hearthside Residential Corp.*, 613 F.3d 910, 912 (9th Cir. 2010)("CERCLA liability

13   is joint and several, meaning that a responsible party may be held liable for the entire cost of

14   cleanup even where other parties contributed to the contamination."); see generally, *Burlington*

15   *Northern & Santa Fe Ry. Co. v. U.S.*, 129 S.Ct. 1870, 1881 (2009). Moreover, the July 25, 1997,

16   letter states that there may be joint and several liability. Dkt. 108-19, p. 4. Plaintiff put WSDOT

17   on notice of possible joint and several liability and sufficiently stated a sum relevant to WSDOT.

18        Defendant next argues that even if the July 25, 1997, letter constitutes a demand letter

19   that "interest on the costs incurred prior to July 25, 1997, begins to run from that date." Dkt.

20   118, p. 7. Defendant asserts that for costs incurred after July 25, 1997, prejudgment interest

21   accrues from the date when those costs were incurred. *Id*. Defendants, however, have not

22   provided any evidence showing that the Plaintiff calculated the interest incorrectly. *Celotex*

23   *Corp.*, 477 U.S. at 323 ("The moving party is entitled to judgment as a matter of law when the

24

1  nonmoving party fails to make a sufficient showing on an essential element of a claim").

2  "[M]issing facts" will not be "presumed." *Lujan*, 497 U.S. at 888-89.

3       Finally, Defendant argues that the amount should be reduced based on the "orphan share"

4  doctrine. Dkt. 118, p. 10. Plaintiff asserts that Defendant's argument is irrelevant in this motion

5  as it is merely seeking to determine the prejudgment costs. Dkt. 128, p. 6. The Court agrees

6  with Plaintiff. The Plaintiff is only seeking to determine that amount of prejudgment costs, not

7  whether there is any divisibility or apportionment allowed. Defendant's "orphan share"

8  argument is irrelevant at this point. Additionally, the cases cited by Defendant to support its

9  argument relate to determination of apportionment under 42 U.S.C. § 9613, not whether the

10 response costs are proper under 42 U.S.C. § 9607(a). The parties may raise the issue of orphan

11 shares at a later date.

12      For the foregoing reasons, Plaintiff's motion for summary judgment regarding costs

13 should be granted.

14 **III. ORDER**

15 The Court does hereby find and **ORDER**:

16 (1)     Plaintiff's Motion for Partial Summary Judgment Re: Costs (Dkt. 104) is

17         **GRANTED**;

18 (2)     The Clerk is directed to send copies of this Order to all counsel of record and any

19         party appearing *pro se* at said party's last known address.

20 DATED this 17th day of November, 2010.

ROBERT J. BRYAN
United States District Judge

ORDER - 6