|   |   |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. C08-5722 RJB |
| Plaintiff, | ORDER GRANTING MOTION TO STRIKE NEW EVIDENCE SUBMITTED IN REPLY BRIEF |
| v. | |
| WASHINGTON STATE DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendant Washington State Department of Transportation's (WSDOT) motion to strike all new evidence submitted in the reply brief of the United States. Dkt. 274 (WSDOT's Surreply). The Court has considered the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

On June 6, 2014, the Court granted the United States' motion to reopen this case for the purpose of determining the United States' motion to enforce declaratory judgment (Dkt. 245). Dkt. 276. The motion to enforce declaratory judgment seeks recovery of further response costs

pursuant to enforcing this Court's 2011 Declaratory Judgment issued against Defendant Washington State Department of Transportation ("WSDOT") pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2). Dkt. 245. The response costs that the United States seeks represents, in part, litigation costs and attorney fees incurred in this CERCLA action. See Dkts. 245 and 263.

WSDOT filed a response, arguing in part, that the United States' motion lacks the documentation necessary to permit the Court to determine whether the amount requested is reasonable or appropriate. Dkt. 255 at 2, 10-12.

The United States filed a reply in which it attached a number of new declarations in support of its request for an award of attorney fees as a cost of remediation. Dkt. 263. This new evidence consists of declarations from attorneys who helped litigate this case. Dkt. 265 (Thoms Decl.); Dkt. 269 (Houck Decl.); Dkt. 270 (Cole Decl.). The reply also provides monthly timesheets for the individuals whose fees the United States seeks to recover. Dkt. 264 (Kime Supp. Decl.). The reply also provides new evidence describing the work of government contractors who billed more than $90,000 in litigation support. Dkt. 266 (Strong Decl.). The reply also contains more than 1,000 pages of receipts (provided on disk) to support the request for more than $900,000 in other direct costs. Dkt. 264 (Kime Supp. Decl.).

WSDOT's surreply requests that these declarations containing new evidence be stricken. Dkt. 274.

## REPLY BRIEFS AND NEW EVIDENCE

New evidence may not be submitted in a reply brief. *The Nautilus Group, Inc. v. Icon Health & Fitness, Inc.*, 308 F.Supp.2d 1208, 1214 (W.D. Wash. 2003). It is well accepted that the submission of new facts in a reply brief is improper. *U.S. v. Martinez-Leon*, 565 F.Supp.2d

1131, 1132 (C.D. Cal. 2008); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999). Introducing new material in a reply brief denies the opposing party the opportunity to respond. "Certainly the use of new material in a reply brief transgresses against the canons of fair forensics." *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 846 (9th Cir. 1976). See also *Levy v. Urbach*, 651 F.2d 1278 at 1280 n.3 (9th Cir. 1981). The United States' submission of this new evidence leaves the WSDOT without an adequate opportunity to respond, and the United States has provided no reason why this material could not have been provided earlier.

WSDOT's surreply is well-taken and the new evidence submitted in the United States reply brief is subject to being stricken.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED**:

WSDOT's Motion to strike new evidence submitted with the United States' reply (Dkt. 274) is **GRANTED.** The declarations submitted with the reply (Dkts. 264, 265, 266, 267, 268, 269, 270) are **STRICKEN.**

Dated this 18th day of June, 2014.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge